U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED- LAFAYETTE

NOV 0 3 2010

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| LUIS VELAZQUEZ, BARTOLO VELAZQUEZ, JUAN MANUEL PEREZ-VELAZQUEZ, CARLOS DOMINGUEZ-REYES, AND ROLANDO CABALLERO | CIVIL ACTION NO.: |
| versus | |
| BRAND ENERGY & INFRASTRUCTURE SERVICES, INC., TESCO OF HOUMA, INC., and BOLLINGER SHIPYARDS, INC. | **10-CV-1679 LAF** |

## COMPLAINT

Plaintiffs commence this action against Defendants upon the following allegations:

### PARTIES

1. Luis Velazquez, Bartolo Velazquez, Juan Manuel Perez-Velazquez, Carlos Dominguez-Reyes, and Rolando Caballero are resident aliens domiciled in Louisiana and referred to collectively as "Plaintiffs."

2. a. Brand Energy & Infrastructure Services, Inc. ("Brand") is a foreign corporation domiciled in Delaware and authorized to do business in Louisiana;

   b. Tesco of Houma, Inc. ("Tesco") is a Louisiana Corporation domiciled at Houma, Louisiana, and

   c. Bollinger Shipyards, Inc. ("Bollinger") is a Louisiana Corporation domiciled at Lockport, Louisiana are referred to collectively as "Defendants."

### JURISDICTION

3. This Court has jurisdiction over this action by reason of a federal question, under

28 USC §1331 because this case arises under Title VII of the Civil Rights act of 1964 as amended by the Civil Rights Act of 1991, 42 USC §§2000e, *et seq*; and over Plaintiffs' causes of action arising under state law pursuant to the Court's supplemental jurisdiction under 28 USC §1367. Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the EEOC has issued "Right to Sue" letters, and less than ninety (90) days have elapsed since those letters were issued.

## FACTS

4. Plainitffs are persons above the age of majority.

5. At all times relevant to this action, Plaintiffs were employees of Defendants.

6. Defendant Brand, upon information and belief, acquired Defendant Tesco but the two operate as separate entities, but for the purposes and all times relevant herein functioned as one employer vis-à-vis Plaintiffs.

7. Plaintiffs worked for Tesco before Brand acquired Tesco and continued working for Tesco/Brand after the acquisition.

8. Brand/Tesco entered into a contract whereby Plaintiffs became the borrowed employees of Bollinger.

9. Bollinger, with joint management by Brand/Tesco, put Plaintiffs to work on a project to prepare a barge owned by the Louisiana Department of Transportation and Development (the "DOTD barge") for painting and to paint the barge.

10. The project to paint the DOTD barge required Plaintiffs to enter the confined spaces of the barge and sandblast the scale, rust, and old paint from the interior surfaces of the hull and frame members.

11. Plaintiffs were originally instructed to pressure wash the interior spaces with water but that method did not produced the desired results and they were sent off the job until the management team could determine how to prepare the barge for painting.

12. Plaintiffs were called back to sandblast the interior spaces of the DOTD barge but were given only minimal personal protective equipment such as dust masks, basic eye protection, and such as would be found in ordinary sandblasting operations in open-air operations.

13. Adjacent to Plaintiffs' work area were other DOTD barges that were also being prepped and painted but they were fully enclosed by shrouds and the workers were fully protected with what appeared to be "HAZMAT" suits or some kind of personal protective work clothing and equipment used for handling toxic substances.

14. Upon information and belief, the workers on the other DOTD barges in Bollinger's Shipyard adjacent to the DOTD barge on and in which Plaintffs were working were United States citizens, or of a national origin different from Plaintiffs.

15. Plaintiffs national origin is Cuban for Luis Velazquez, Bartolo Velazquez, Juan Manuel Perez-Velazquez, and Carlos Dominguez-Reyes; and Honduran for Rolando Caballero.

16. Plaintiffs suspected that the scale, rust, and old paint they were removing was toxic because of the precautions being taken on the other DOTD barges and because of the color of the paint chips, orange.

17. One of the Plaintiffs purchased a lead-tester to test the sandblasting dust and it yielded a positive result.

18. Plaintiffs finished the job and sought medical attention to determine the exact level of their exposure, which confirmed that they were exposed to and had ingested, inhaled, or

absorbed toxic levels of lead.

19. Plaintiffs have suffered insomnia, joint pain, dry-mouth, stomach distress, severe headaches, loss of stamina, and other disorders as a result of lead poisoning.

20. Plaintiffs have sought workers' compensation benefits but Brand/Tesco has denied them any medical treatment for the lead poisoning.

21. Plaintiffs were assigned to work in toxic conditions without proper personal protective equipment required by prudence and state and federal regulations because of their national origin.

22. Brand/Tesco and Bollinger chose to use Plaintiffs in a hazardous occupation without proper personal protective equipment while providing such equipment and other protections to employees of United States citizenship or of different national origins.

## RELIEF

23. Brand/Tesco and Bollinger violated Title VII by engaging in an unlawful employment practice when they segregated Plaintiffs for the purpose of hazardous work exposing them to toxic levels of lead with less protection than other employees similarly situated because of their national origin.

24. Brand/Tesco and Bollinger willfully engaged in the unlawful practice of segregating Plaintiffs because of their national origin, and did so with reckless indifference, not only to their federally protected rights, but for their health when they segregated them for less protection from toxic substances.

25. Brand/Tesco and Bollinger have otherwise intentionally discriminated against Plaintiffs because of their national origin in violation of Title VII as will be shown on the

premises herein and at trial.

26. Brand/Tesco and Bollinger have also discriminated against Plaintiffs in violation of the Louisiana Employment Discrimination Law, for which violation Plaintiffs seek relief herein pursuant to this Courts supplemental jurisdiction.

27. Plaintiffs filed suit with co-plaintiffs, not joined with them herein, for personal injury damages in Louisiana State District Court for the Nineteenth Judicial District and appended their state discrimination causes of actions to it, out of an abundance of caution, in the event that the EEOC took longer than six months to investigate their Title VII causes of action herein.[1]

28. Plaintiffs allege that their state causes of action for discrimination are subject to the supplemental jurisdiction of this Court but that their personal injury causes of action are not because their personal injury causes of action are joined with party plaintiffs over whom there is no basis for federal jurisdiction.

29. Plaintiffs further allege that their state law personal injury causes of action are not subject to this Court's supplemental jurisdiction because the question of law is peculiar to Louisiana jurisprudence; though not outside this Court's competence, it should defer to the state judiciary, especially when non-federal parties are involved.

30. Plaintiffs aver that they have also not dismissed their state law discrimination cases in Louisiana's Nineteenth Judicial District Court out of an abundance of caution in the event Defendants raise any objections to this Court's jurisdiction over their Title VII causes of action to preserve jurisdiction in the Nineteenth Judicial District Court should this Court's

---

[1] Under the Louisiana Employment Discrimination Law, prescription was interrupted for six months on their causes of action while the EEOC was investigating.

supplemental jurisdiction fail for any reason.

WHEREFORE, Plaintiffs, Luis Velazquez, Bartolo Velazquez, Juan Manuel Perez-Velazquez, Carlos Dominguez-Reyes, and Rolando Caballero, request that this complaint be deemed acceptable for filing, that it be filed, that a summons issue to accompany this complaint and that after service can be made on Defendants Brand Energy & Infrastructure Services, Inc., Tesco of Houma, Inc., and Bollinger Shipyards, Inc. that they appear and answer this complaint, and that after all due proceedings are had a judgment be rendered in favor of Plaintiffs condemning Defendants to pay all compensatory and punitive damages, all equitable relief and attorneys' fees and costs allowed under state and federal law and for any other legal, equitable, or other relief the Court should deem appropriate on the premises.

Respectfully submitted,

**WARD LAW FIRM**

_____
Charles R. Ward, Jr.   (Bar No. 2169) TA
Ted M. Mitchell        (Bar No. 20964)
71234 Hendry Avenue
Covington, LA  70433
(985) 892-1367
(985) 892-5085 fax

PLEASE ISSUE
SUMMONS TO:

Brand Energy & Infrastructure Services, Inc.
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808

Tesco of Houma, Inc.
through its registered agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808

Bollinger Shipyards, Inc.
through its registered agent:
L. Clifton Dickerson, III
1402 Mar Drive
Lockport. LA  70374